[S. F. No. 1416.   Department Two.—March 15, 1899.]

MARIA B. OWENS, Respondent, v. ALICE McNALLY et al., Appellants.

CONTRACT TO PROVIDE FOR NIECE—PAROL GIFT OF LAND—DELIVERY OF POSSESSION—ADJUDICATION OF OWNERSHIP AGAINST HEIRS.—Where an uncle contracted with the mother of his niece to provide for her as his own child, and, in part performance of his promise,

purchased certain real estate, the possession of which he deliv-
ered to the daughter, as a parol gift, retaining the legal title
in his own name, and the niece cared for him as a daughter
until his death, she may, after his death, sustain an action
against his administratrix and heirs-at-law to have it adjudged
that she is the owner of the land given to her by the deceased.

Id.—FORMER ADJUDICATION—CONTRACT TO WILL PROPERTY.—A former
adjudication against the enforcement of a contract by the uncle
to will property to the niece, is not a bar to the enforcement
of the executed gift of the land made to her by the uncle in
his lifetime.

APPEAL from a judgment of the Superior Court of Humboldt County.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Chamberlain & Wheeler, and George D. Murray, for Appellants.

S. M. Buck, and Buck & Cutler, for Respondent.

McFARLAND, J.—This is an action to have it declared that plaintiff is the owner of a certain lot of land, with a dwelling-house thereon, situated in the city of Eureka, county of Humboldt, state of California, and known as lot 13, in block 8.   The defendants are the widow, Alice McNally (who is also sued as administratrix), and the other heirs-at-law of Lawrence McNally, deceased.   Judgment in the court below went for the plaintiff, and the defendants appeal from the judgment.

Some of the facts in the case are stated in the opinion of this court in *Owens v. McNally*, 113 Cal. 444, although there are other facts in the case at bar which do not appear in the former case.   In the case at bar, we are concerned only with the first count of the complaint, which states, in substance, the following facts: In the year 1881 plaintiff, who was then eighteen years of age, lived with her parents in the state of Michigan.   The said Lawrence McNally, deceased, was the brother of plaintiff's mother, and lived at that time in the city of Eureka, in Humboldt county, California, where he continued to reside until his death, in 1893.   In 1881 the deceased was a bachelor about fifty-four years old, and was the owner of considerable property in said Humboldt county, and in that year he visited his sister, Cather-

ine Owens, the mother of plaintiff, and sought to have plaintiff come to California and live with him and take care of him. In order to accomplish this purpose he executed and gave to the mother for the benefit of the daughter the following instrument:

"I, Lawrence McNally, promise my sister, Catherine Owens, in case of her consenting to allow her daughter, Maria Owens, to return with me to my home in Eureka, California, to remain with me during my life, I promise to provide for her as my own child, and, in case of her remaining single at my death, I promise to bequeath her ($20,000) twenty thousand dollars and real estate the value of which I am unable to state at present.

"Detroit, August 25, 1881.

"LAWRENCE McNALLY.

"Signed Witness: Mrs. Henry Owens."

Thereupon, in said year 1881, the plaintiff came with the deceased to Eureka, California, and lived with and cared for him as a daughter until January, 1893, when he married the defendant Alice McNally. In the same year, on September 16, 1893, he died. He did not devise or bequeath to the plaintiff any property whatever, but died intestate. However, in part performance of his promise "to provide for her as my own child," in 1887 he purchased the lot and house involved in this action and gave them to plaintiff, although the legal title stood in his own name. The court found the facts to be as averred in the complaint. It found that in 1887, "in partial performance of the terms" of the written promise, "he purchased the lot in controversy and gave the same to plaintiff; and during the following year he furnished the dwelling-house thereon and gave the furniture therein to plaintiff, and placed her in actual possession of said premises; and from thence to the present time plaintiff has been and still is in the actual possession thereof, claiming the same as her own, under and in pursuance of said gift. That from 1888 until the marriage of said Lawrence McNally in 1893 he lived with the said plaintiff upon the lot in controversy, and during said time the said plaintiff, in reliance solely upon the said gift as aforesaid, cared for him as a daughter, attended to his daily wants, cared for him in times of sickness, prepared extra meals for him, was in all things kind, considerate, and affectionate, and generally de-

voted her time, labor, and energy in caring for his health and comfort; . . . . that by reason thereof plaintiff was induced to and did so change her situation in life, that it would be a fraud upon her if the gift so as aforesaid made by said Lawrence Mc-Nally to plaintiff herein should not be enforced." There was sufficient evidence to support these findings.

Appellants contend that respondent is estopped from maintaining this action by the judgment in the former case of *Owens v. McNally et al., supra,* which was affirmed by this court as reported in 113 California, hereinbefore referred to; but we do not think that this contention can be maintained. The court below, having set forth the complaint in the former case, found correctly as follows: "That the cause of action set forth in the complaint therein was not, nor is not, the same cause, nor the identical cause of action set forth in the complaint herein, and is not a bar to the maintenance of the cause of action herein." In the former case, the plaintiff sought to enforce an executory agreement of the decedent, Lawrence McNally, to will to her all his property; and for various reasons stated in the opinion of this court in that case it was held that that executory agreement could not be enforced. (In the former case the written agreement set forth in the case at bar had been lost, and averments were made as to the contents of the written agreement therein referred to, and there was a failure to prove any written agreement.) But the present action is founded upon an executed gift of the house and lot involved in the case. The two cases therefore present different causes of action.

There are no other points calling for special notice.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.